**C. & K. COAL COMPANY et al., Appellants,**

v.

**Tivis HALL et al., Appellees.**

Court of Appeals of Kentucky.

May 26, 1972.

Fred G. Francis, Prestonsburg, for appellants.

Ronald W. May, Pikeville, Gemma M. Harding, Department of Labor, Louisville, Thomas R. Emerson, Department of Labor, Frankfort, for appellees.

PALMORE, Judge.

C. & K. Coal Company, Big Red Coal Company, Inc., and their insurer, Old Republic Insurance Company, appeal from a judgment of the Floyd Circuit Court sustaining an order of the Workmen's Compensation Board awarding Tivis Hall permanent total disability benefits for an injured back.

On January 14, 1970, Hall filed a claim against C. & K. alleging that he had injured his low back on December 18, 1968, while lifting a rock in the defendant company's coal mine. He was then 20 years of age.

On February 3, 1970, Hall filed a claim against Big Red alleging that he had injured his chest and back on December 10, 1969, when caught between a buggy and the roof of that company's coal mine.

Proceedings on the two claims were consolidated because the defendant companies were covered by the same insurance company.

Hall testified that he first injured his back while employed by C. & K. some two months before December 18, 1968, and drew compensation for three weeks. On that occasion he was treated by a Dr. Jamada, who did not testify in this proceeding. His back continued to bother him afterward. Following the injury of December 18, 1968, he was treated by Dr. R. S. Berardi, who discharged him as "completely free of his symptoms" on January 17, 1969. Hall returned to Dr. Berardi's office on January 23, 1969, reporting that the pain had returned and he could not work.

Dr. Berardi continued to see Hall from time to time during 1969 and prescribed conservative treatment for chronic lumbo-sacral strain. On March 7, 1969, he again suggested that he return to work, and it is apparent from Hall's testimony that he did work off and on for different employers, including Big Red, until he was again injured on December 10, 1969. Meanwhile, on August 12, 1969, he reported still another work-connected back episode to Dr. Berardi, whose examination at the time disclosed an "exacerbation" of the chronic lumbo-sacral strain. All in all, it appears that the claimant hurt his back four times, twice in 1968 and twice in 1969.

The last time Dr. Berardi saw Hall was on January 26, 1970, at which time he advised him to go back to work and see whether he could perform his duties. The doctor was unable to evaluate his disability, if any, as of any time after that date, but testified that he never felt that Hall

was more than 10% disabled during any of the time he had seen him.

Hall testified that he was unable to work because of his back. Upon the hypothesis of his being "100% occupationally disabled for underground coal mining," Dr. Berardi estimated that between 15% and 20% of the disability would be attributable to the individual injuries and the remainder to their cumulative effect.

Following Dr. Berardi's testimony the Special Fund was made a party and Hall was referred to Dr. W. McDaniel Ewing, an orthopedic surgeon of Louisville, for examination and evaluation pursuant to KRS 342.121. The examination took place on November 2, 1970. Dr. Ewing's replies to the questions propounded in the Board's letter of appointment were to the following effect:

1. There was no active disability before December 18, 1968.

2. Same.

3. There was no dormant nondisabling disease condition prior to December 18, 1968.

4. The injury of December 18, 1968, resulted in 25% "permanent or other disability" to the body as a whole.

5. Permanent disability now suffered is 50% to the body as a whole.

6. The amount of present disability attributable to a combination of 2 and 4 which is in excess of the percentage obtained by simple addition of 2 and 4 is 25%.

7. None of the present disability is attributable to the arousal of a dormant nondisabling disease or other disease condition.

The employers filed exceptions to the report on the ground that Dr. Ewing obviously had not received a full and accurate case history and upon the further ground that his assignment of disability percentages was ambiguous. The Special Fund made similar objections. The parties were allowed to take Dr. Ewing's deposition, following which the Board overruled the objections and made its award.

Dr. Ewing testified that Hall told him the December 18, 1968, episode was his first accident and that he had experienced no back pain before that time. No mention was made of the December 10, 1969, accident. Hall's symptoms being largely subjective, Dr. Ewing readily conceded that his diagnosis was premised mainly on the case history. That being the case, as we see it, Dr. Ewing's testimony is of minimal probative value except insofar as he was able to and did say from the examination that Hall actually does have a functional impairment of 50% to the body as a whole.

As the statute itself clearly indicates, a principal purpose in the appointment of a physician under KRS 342.121 is to enable the Board to apportion the responsibility for a disability that results from an injury for which an individual employer is liable. In this instance, for example, each of the two employers is liable for that portion of the disability that would have resulted from the injury sustained by Hall while in its employment, independently of other injuries. If the whole disability is greater than the sum of these two, the Special Fund may be liable for the excess. KRS 342.120. If the examining physician does not have the facts necessary to accomplish such an apportionment his findings do not serve their purpose. It is our opinion in this case that the objections and exceptions to Dr. Ewing's report should have been sustained and the questions re-referred to him or to another qualified physician on the basis of an adequate case history. As it is, the award has no reasonable evidentiary foundation.

The judgment is reversed with directions that the cause be remanded to the Board for further proceedings.

All concur.